UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | )  |  |
|---|---|---|
| WALLACE G. MITCHELL, | ) | |
| Petitioner, | ) | |
| v. | ) | Civil No. 15-cv-1319 (APM) |
| LENNARD JOHNSON, | ) | |
| Respondent. | ) | |

**MEMORANDUM OPINION**

I.  **INTRODUCTION**

In August 2015, Petitioner Wallace G. Mitchell brought this action for a writ of habeas corpus while detained at the District of Columbia Jail on a D.C. Superior Court writ. *See* Pet. for Writ of Habeas Corpus, ECF No. 1 [hereinafter Pet.]. Petitioner challenges a disciplinary decision rendered in June 2015, following a hearing on a charge of "Threatening Conduct and Disrespect." Pet.r's Opp'n to Resp't's Mot. for Recons., ECF No. 95 [hereinafter Pet'r Opp'n], Ex. 2, ECF No. 95-2. Petitioner alleges that the decision resulted in his placement in "disciplinary segregation [for 30 days], loss of good time, [and] loss of privileges." Pet. ¶ 6; *see* Apr. 29, 2016 Mem. Op., ECF No. 31, at 2. He seeks expungement of the disciplinary report, the restoration of "all good time and privileges," his return to the general population, and a declaratory judgment that his due process rights were violated. Pet. ¶ 15.

In a Motion for Reconsideration filed on May 11, 2018, Respondent suggests that this action is moot. *See* Resp't's Mot. for Recons., ECF No. 92 [hereinafter Resp't Mot.]. The court

agrees that a live case or controversy no longer exists. Accordingly, for the reasons explained more fully below, the court grants Respondent's motion and dismisses the petition as moot.

## II. PROCEDURAL HISTORY

On November 18, 2016, then-presiding Judge Rosemary M. Collyer ruled in favor of Petitioner on the meaningful hearing requirement of the Due Process Clause but could not determine "whether the conditions of Mr. Mitchell's ensuing placement in a segregated housing unit created a liberty interest consistent with *Sandin v. Connor*, 515 U.S. 471 (1995)." Order, ECF No. 37, at 1. Consequently, Judge Collyer set this matter for an evidentiary hearing and eventually obtained the assistance of the Federal Public Defender to appoint counsel under 18 U.S.C. § 3006A(a)(2) to represent Petitioner "for purposes of the evidentiary hearing." Order, ECF No. 45. In addition, Judge Collyer issued a scheduling order, ECF No. 54, to govern discovery through September 29, 2017. The hearing was to commence on November 15, 2017.[1]

Meanwhile, Petitioner's appointed counsel was permitted to withdraw on July 17, 2017, and this case was reassigned to the undersigned judge on September 27, 2017. The evidentiary hearing was vacated in part because Petitioner was no longer represented. This court appointed new counsel on October 13, 2017. Following additional discovery and several status hearings, Petitioner's second appointed counsel was permitted to withdraw on July 30, 2018. The court postponed consideration of a third appointment of counsel pending resolution of the instant motion to reconsider. *See* July 30, 2018 Min. Order.

## III. LEGAL STANDARD

Respondent seeks reconsideration of Judge Collyer's order, which is interlocutory or non-final and thus evaluated under Rule 54(b) of the Federal Rules of Civil Procedure. *See Ferrer v.*

---

[1] Contrary to Respondent's description, Judge Collyer's order does not go as far as "granting Petitioner's *habeas petition*[.]" Resp't Mot. at 1.

*CareFirst, Inc.*, 278 F. Supp. 3d 330, 332 (D.D.C. 2017). Rule 54(b) provides that "any order . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). "Interlocutory orders are not subject to the law of the case doctrine and may always be reconsidered prior to final judgment . . . even when a case is reassigned to a new judge." *Langevine v. D.C.*, 106 F.3d 1018, 1023 (D.C. Cir. 1997). The succeeding judge has "full authority to reconsider [a prior] order granting a new trial" or hearing. *Id*. Relief under Rule 54(b) may be granted "as justice requires." *Cobell v. Norton*, 355 F. Supp. 2d 531, 539 (D.D.C. 2005) (internal quotation marks omitted).

## IV. DISCUSSION

Respondent contends that the Petition is rendered moot by "the passage of time," Resp't. Mot. at 3, thereby depriving this court of subject-matter jurisdiction. "Federal courts lack jurisdiction to decide moot cases because their constitutional authority extends only to actual cases or controversies." *Conservation Force, Inc. v. Jewell*, 733 F.3d 1200, 1204 (D.C. Cir. 2013) (quoting *Iron Arrow Honor Soc'y v. Heckler*, 464 U.S. 67, 70 (1983)). "Even where litigation poses a live controversy when filed, the [mootness] doctrine requires a federal court to refrain from deciding it if events have so transpired that the decision will neither presently affect the parties' rights nor have a more-than-speculative chance of affecting them in the future." *Clarke v. United States*, 915 F.2d 699, 701 (D.C. Cir. 1990) (en banc) (internal quotation marks omitted); *accord District of Columbia v. Doe*, 611 F.3d 888, 894 (D.C. Cir. 2010). "The initial 'heavy burden' of establishing mootness lies with the party asserting a case is moot, but the opposing party bears the burden of showing an exception applies[.]" *Honeywell Int'l, Inc. v. Nuclear Regulatory Comm'n*, 628 F.3d 568, 576 (D.C. Cir. 2010) (citations omitted).

3

Judge Collyer recently dismissed as moot another of Petitioner's habeas petitions challenging "a long expired 'punitive' detention" from November 2016. *Mitchell v. Johnson*, No. 17-cv-764 (RMC), 2018 WL 4637361, at *1 (D.D.C. Sept. 27, 2018).[2] She explained:

> A case is moot when (1) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation and (2) there is no reasonable expectation that the alleged wrong(s) will be repeated. *Doe v. Harris*, 696 F.2d 109, 111 (D.C. Cir. 1982) (citing *Cty. of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979)). When both conditions are satisfied, the case is moot because neither party has a legally cognizable interest in the final determination of the underlying facts and law. *See id*. A prisoner "seeking injunctive or declaratory relief" must show "continuing adverse consequences" from the challenged action.

*Id*. Asserting an exception to the mootness doctrine, Petitioner argued in that case that his petition raised "a classic issue that is capable of repetition yet evading review," *id*. at *2 (internal quotation marks and record citation omitted), which Judge Collyer ultimately rejected because of the "highly fact-dependent" nature of prison disciplinary actions that makes recurrence of the same due process violation highly unlikely, *id*. (citations omitted); *see Mundo Verde Pub. Charter Sch. v. Sokolov*, 315 F. Supp. 3d 374, 383 (D.D.C. 2018) (finding the "'legal wrong complained of by the plaintiff' . . . unlikely to recur precisely because it is so dependent on the facts of each case") (citing *Del Monte Fresh Produce Co. v. United States*, 570 F.3d 316, 323-24 (D.C. Cir. 2009); *People for Ethical Treatment of Animals, Inc. v. Gittens*, 396 F.3d 416, 424 (D.C. Cir. 2005)).

The instant petition stems from an even longer expired detention (in July 2015) and differs primarily in the date of the disciplinary action and the additional request for expungement of the disciplinary report. *See* Pet. ¶ 15 (seeking restoration of "all good time and privileges," return to the general population, a declaratory judgment that Petitioner's due process rights were violated,

---

[2] "[I]t is settled law that the court may take judicial notice of other cases including the same subject matter or questions of a related nature between the same parties." *Veg-Mix, Inc. v. U.S. Dep't of Agric.*, 832 F.2d 601, 607 (D.C. Cir. 1987) (quoting *Fletcher v. Evening Star Newspaper Co.*, 133 F.2d 395, 395 (D.C. Cir. 1942) (alteration in original)).

and costs); *cf. Mitchell*, 2018 WL 4637361 at *2 (Petitioner "identifies as 'clearly repetitive' his 'punitive segregation placement . . . forfeiture of good time credits . . . and the impounding of property, as a consequence of disciplinary action,' all 'without due process.'") (record citation omitted)). Only the expungement issue necessitates extended discussion.[3]

Respondent states that "the June 27, 2015 discipline was revoked . . . on November 9, 2015," Resp't's Reply, ECF No. 98, at 3, which if true would support mootness and end the court's analysis. However, the records before the court as to whether the challenged discipline was revoked are ambiguous. The memorandum of revocation upon which Respondent relies refers to a "Disciplinary Report dated 6/26/15," *see* Errata, Ex. 1, ECF No. 94-1, not June 27, 2015. Indeed, Petitioner offers a different record that suggests that his appeal of the June 27th discipline was denied. *See* Pet'r Opp'n., Ex. 2, ECF No. 95-2. Thus, it remains unclear whether the discipline that is the subject of the Petition was expunged.

In any event, even assuming the disciplinary action about which Petitioner complains remains on his record, what matters for habeas purposes is whether that adverse action materially affects the conditions of his confinement. Petitioner asserts that the disciplinary report of June 27, 2015, does so and, as proof, offers his custody reclassification form dated June 16, 2016, which indeed lists the June 27, 2015, infraction as one of four infractions. *See* Pet'r Opp'n., Ex. 3, ECF No. 95-3, at 4. Respondent counters with proof that the 2015 infraction "has not been considered

---

[3] District of Columbia prisoners are entitled to habeas corpus relief under 28 U.S.C. § 2241 if they establish that their "custody is in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). As Judge Collyer observed, Petitioner "has no constitutional right to good-time credit" because he is a D.C. Code offender serving a life sentence for first-degree murder, *Mitchell*, 2018 WL 4637361, at *1, n.1 (citing cases), and "he cannot plausibly ascribe his current detention to the [2015] disciplinary decision giving rise to this action," *id*. at *2, n.2. Furthermore, this court takes judicial notice of a declaration filed in yet another of Petitioner's habeas actions, dismissed this month as moot, where the D.C. Department of Corrections confirms that Petitioner is currently designated to "'a general population unit.'" *Mitchell v. Johnson*, No. 18-cv-1151 (RMC) (Mem. Op. filed Dec. 13, 2018) (quoting Decl. of Jennifer Postell)).

when evaluating [Petitioner's] custody level since June 2016." Resp't Reply at 4; *id.*, Ex. 2, ECF No. 98-2 (Petitioner's reclassification forms dated September 14, 2016, January 6, 2017, February 22, 2017, and March 2018, all omitting the June 27, 2015, infraction). Respondent's documentation dispels any notion that the disciplinary action challenged in this case is affecting Petitioner's current custody, much less adversely, and the asserted due process violation is not likely to recur should Petitioner face yet another prison disciplinary action. Therefore, the mootness doctrine applies.

## V. CONCLUSION

For the foregoing reasons, Respondent's motion to reconsider is granted and Petitioner's application for a writ of habeas corpus is dismissed as moot.

A separate order accompanies this memorandum opinion.

Dated: December 20, 2018

Amit P. Mehta
United States District Judge